1                                                              **JS-6**

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   KELDREN CHEDAL JOSHUA,       )   CV 09-8067, CR 05-1140
                                  )   RSWL
12                    Plaintiff,  )
                                  )
13            v.                  )   **ORDER**
                                  )
14                                )
                                  )
15   UNITED STATES OF AMERICA,    )
                                  )
16                    Defendant.  )
                                  )
17   ─────────────────────────────)

18

19      Before the Court is Plaintiff's Motion to Vacate,

20   Set Aside, or Correct Sentence By a Person in Custody

21   28 U.S.C. 2255 [1, 268].  Having reviewed all papers

22   submitted pertaining to this Motion, the Court **NOW**

23   **FINDS AND RULES AS FOLLOWS:**

24      Plaintiff's Motion is **DENIED**.  Plaintiff

25   voluntarily signed a plea agreement with the Government

26   when Plaintiff pled guilty in the underlying criminal

27   action.  In that plea agreement, Plaintiff agreed to

28   give up his right to bring a post-conviction collateral

                                  1

attack on his sentence, except based on a claim of ineffective assistance of counsel, new evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines.

In the instant Motion, Plaintiff attempts to challenge his sentence by bringing a claim of ineffective assistance of counsel.  A claim for ineffective assistance of counsel has two requirements. Strickland v. Washington, 466 U.S. 668, 687-90, 694 (1984).  First, a defendant must demonstrate a grossly deficient performance by counsel.  Id.  To meet this requirement, defendant must show that counsel's performance fell below an objective standard of reasonableness.  Id.  Second, defendant must show prejudice resulting from the deficient performance. Id. To establish prejudice, defendant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  United States v. Howard, 381 F.3d 873, 877 (2004).

Plaintiff has shown neither requirement to establish ineffective assistance of counsel.  Plaintiff fails to show how his Counsel's performance was "grossly deficient."  Plaintiff argues that his Counsel should have made arguments more forcefully to the Court in order to convince the Court to reduce Plaintiff's criminal history category.  However, the Record in the case shows that Plaintiff's Counsel was successful in convincing the Court to reduce Plaintiff's criminal

2

1  history category, just perhaps not as much of a
2  reduction as Plaintiff believed was fair.  Such
3  evidence does not support a finding that Plaintiff's
4  Counsel's performance fell below an objective standard
5  of reasonableness.

6      Moreover, Plaintiff has not adduced any facts to
7  show that prejudice resulted from his Counsel's
8  deficient performance.  Plaintiff has not shown that,
9  but for his Counsel's errors, his sentence would have
10 been different.  To the contrary, all the facts of the
11 case show that the Court appropriately decided
12 Plaintiff's sentences by considering the factors set
13 forth in 18 U.S.C. § 3553(a).  Utilizing these factors,
14 the Court sentenced Plaintiff at the low end of the
15 advisory sentencing guideline range.

16     Furthermore, in arriving at the sentence, the Court
17 addressed the arguments Plaintiff raises in his instant
18 Motion.  The Court specifically considered, and
19 rejected, Plaintiff's argument that he was entitled to
20 a minor role adjustment and his sentencing entrapment
21 theory.  As noted above, the Court accepted Plaintiff's
22 argument that he should be entitled to a downward
23 departure in his criminal history category.  Thus,
24 Plaintiff cannot now say that, but for his Counsel's
25 deficient performance, he would have received a more
26 lenient sentence when the same arguments Plaintiff
27 presents in the instant Motion for a more lenient
28 sentence were considered by the Court in the initial

1  sentencing.

2      Accordingly, as Plaintiff has failed to meet both

3  requirements to prove ineffective assistance of counsel

4  under <u>Strickland</u> and does not allege new evidence or a

5  retroactive change in the guidelines, Plaintiff cannot

6  attack his sentence.

7

8  **IT IS SO ORDERED.**

9  Dated: May 13,2010

10

11                                 RONALD S.W. LEW
   ─────────────────────────────────
12                          **HONORABLE RONALD S.W. LEW**
                           Senior, U.S. District Court Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28